UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AIMEE LYNN ROSENBAUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | 1:24-cv-01342-MMM |
| ) | |
| DANIELLE SMITH, *et al.* ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff, proceeding pro se from the community, having been previously imprisoned at Federal Prison Camp Pekin, alleges Defendants violated her Eighth Amendment rights through deliberate indifference to her serious medical needs.

The Court has jurisdiction over Plaintiff's Eighth Amendment claims pursuant to the Court's federal question jurisdiction. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that victim of Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court); *Carlson v. Green*, 446 U.S. 14, 18 (1980) (extending *Bivens* to claims for violations of the Eighth Amendment).

Plaintiff's initial pleading was dismissed for failure to state a claim. Plaintiff's timely Motion for Leave to Amend (Doc. 7) is granted. Clerk to file amended complaint.

The Court must "screen" Plaintiff's amended complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A complaint is legally insufficient if it "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**Defendants.** Plaintiff's amended complaint names as Defendants E. Walters, Warden, Andre Matevousian, Regional Director for the Federal Bureau of Prisons, C. Newman, Unit Manager/Counselor, Dr. Scott Moats, Physician's Assistant Danielle Smith, and Nurse Carrie Schmidt.

Plaintiff alleges Walters received multiple electronic communications requesting medical care and did not respond. She alleges Regional Director Matevousian received an Administrative Remedy Request and did not take action to provide medical care. She alleges Counselor Newman received an Administrative Remedy Request and did not respond or take action to ensure she received needed medical care. She alleges Dr. Moats oversaw the denial of care to Plaintiff. She alleges P.A. Smith repeatedly turned her away from treatment. And she alleges Nurse Schmidt measured the contusion yet failed to provide needed care.

**Factual allegations.** On December 1, 2022, Plaintiff suffered a serious head wound after a fall at Pekin Federal Prison Camp. She was left unconscious and defecated on herself. She was not provided medical care. She was told to leave work and return to her quarters. She awoke later in the shower, disoriented. Plaintiff was

seen by Defendant Nurse Schmidt, who measured an 8cm x 10cm contusion on Plaintiff's head. Schmidt advised Plaintiff to drink water, take Tylenol, and try not to fall asleep. This was the only care she received for 18 days despite significant pain and significant-enough injury that she remained unable to work. On the 19th day she was taken to a hospital for treatment and informed that due to they delay no additional treatment could be provided, though medication was prescribed. The emergency room physician ordered Plaintiff to attend the Head Injury Clinic in two days, but Plaintiff was not taken to this clinic. Pekin medical staff did not fill that prescription. A later CT scan indicated that a contusion was still present. The lack of care caused Plaintiff long-term injuries. She alleges she was denied needed neurological care for her ongoing impairment.

**Legal standard.** Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the inadequate medical care is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their

medical judgment when deciding whether to refer a prisoner to a specialist). The failure to refer constitutes deliberate indifference only if it was "blatantly inappropriate." *Id*. at 409. Denying or delaying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect an exercise of sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

**Analysis.** Plaintiff's allegations state a claim against Defendants Walters, Moats, Smith, and Schmidt. She alleges she suffered a serious head injury and was denied all but the most basic of care for 18 days. She was then taken to a hospital emergency room, but the care ordered there was disregarded. Plaintiff also plausibly alleges that the warden defendant was aware of and turned a blind eye to her denial of medical care.

Plaintiff's allegations against Regional Director Matevousian and Unit Manager/Counselor Newman do not state a claim. These Defendants are alleged to be involved based on their review of administrative grievances filed by Plaintiff and their alleged failure to act on those complaints. That attenuated level of involvement is insufficient to incur liability on a failure to act theory. *See Adams v. Reagle*, ---F.4th ---, No. 21-1730, 2024 WL 340045, at *11 (7th Cir. Jan. 30, 2024) (applying *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009)).

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion for Leave to Amend [7] is GRANTED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states an Eighth Amendment claim against Defendants Walters, Moats, Smith, and Schmidt. Any additional claims**

    shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Clerk is to terminate Defendants Matevousian and Newman.

3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The

   plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

8. **Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

9. **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

10. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 5th day of September, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE